## FOREMAN v. ORMISTON.

Ohio Appeals, 4th Dist., Washington Co.

Decided Oct. 29, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**ERROR PROCEEDINGS.**
(260 Bf) Failure, to file bill of exceptions in time, cannot be avoided on ground that stenographer was solely responsible for delay.

E. F. Folger and H. S. Dyar, Marietta, for Foreman.
L. B. Ogle and Chas. D. Fogle, Marietta, for Ormiston.

HISTORY:—Heard on motion to dismiss error proceedings. Motion overruled. Bill of exceptions stricken from files. Judgment affirmed. No action in Supreme Court prior to publication date.

STATEMENT OF FACTS.

This is a proceeding in error in which it appears from the record that the motion of the plaintiff in error for a new trial was overruled on the 27th day of June, 1928, and that the final judgment of which he now complains was entered of record on the same day. It further appears from the record that the bill of exceptions was not allowed by the trial court and filed herein until September 5, 1928. The plaintiff in error seeks to avoid his failure to file said bill of exceptions by the charge that the court stenographer was solely responsible for the delay. His claim in this behalf is stated in an affidavit which was filed in opposition to a motion of the defendant in error to dismiss this proceeding. The facts set forth in said affidavit are substantially as follows:

That the plaintiff in error requested said stenographer to prepare a transcript of the testimony and bill of exceptions for filing in this court and at the same time notified her that compensation for making the same was ready for her at any time she demanded the same, and that she thereupon promised immediately to make and prepare the said transcript and bill of exceptions; that this was done immediately after the overruling of the motion for a new trial; that at least on two occasions subsequent to that date the plaintiff in error notified the stenographer by telephone of the time when the bill of exceptions should be filed and that said time was drawing short, and that said stenographer again promised and agreed to prepare said bill, and that on each of these occasions she was notified that her money was ready for her as soon as the work was completed.

MIDDLETON, PJ.

This court can not disregard the statutory requirements in respect to the filing of a bill of exceptions for any of the reasons stated in the affidavit. During all the time which elapsed from the overruling of the motion for a new trial and the entering of the final judgment by the trial court and until the bill of exceptions was filed the plaintiff in error knew

that said bill of exceptions was not prepared or filed. He was not deceived in any manner, and during all this time he was aware of the deficiency in his proceeding in error. We can not disregard the mandatory provisions of the statute in respect to the filing of a bill of exceptions and substitute therefor a rule which would practically leave such filing to the convenience of stenographers and litigants.

While the motion to dismiss the proceeding must be overruled as that is not the proper procedure, the bill of exceptions will be ordered stricken from the files. As there are no errors complained of which can be considered in the absence of a bill of exceptions the judgment of the lower court is affirmed.

(Mauck and Thomas, J. J., concur.)